**AMERICAN NATIONAL RED CROSS, Plaintiff,**

v.

**ASD SPECIALTY HEALTH CARE, INC., an incorporated division of Amerisource Bergen Corp., d/b/a Biocare, Midwest Drug Supply, and Raymar Worldwide Sales, Inc. Defendants.**

No. CIV.A.01–08940CG0L.

United States District Court,
S.D. Alabama,
Southern Division.

Dec. 10, 2002.

Dennis D. Murrell, Amy E. Shoemaker, Henry S. Alford, Middleton & Reutlinger, Louisville, KY, Benjamin Max Bowden, Albrittons, Clifton, Alverson & Moody, Andalusia, AL, for Plaintiff.

Dale R. Burmeister, Harvey Kruse, P.C., Troy, MI, Ronald J. Parker, Parker & Adams, P.C., Jackson, MI, William W. Watts, III, Hudson and Watts, L.L.P., Mobile, AL, for Defendant.

### CERTIFICATION OF QUESTION TO THE SUPREME COURT OF ALABAMA

GRANADE, District Judge.

This cause is before the court on the motion of ASD Specialty Healthcare, Inc. ("ASD") to certify question of law to the Supreme Court of Alabama (Doc. 89) and the proposed certificates for certified question filed by the American National Red Cross ("Red Cross") and ASD and Blood Systems, Inc., d/b/a/ BioCare ("Blood Systems"). (Docs 96 & 97).

This court, by order dated November 1, 2002, found that it was in the best interest of judicial economy to certify to the Alabama Supreme Court, pursuant to Alabama Rule of Appellate Procedure 18, the question of whether the blood products at issue in this case were included in the definition of "property" under the Alabama Uniform Fraudulent Transfer Act, ALA. CODE §§ 8–9A–1 et seq. (Doc. 90). The parties have agreed upon the wording of the certificate to be sent to the Alabama Supreme Court but disagree as to whether this court's previous order addressing the question at issue should be attached to this certificate. ASD and Blood Systems assert that "it is inappropriate to provide any part of the record to the Supreme Court with the certificate" because it could prejudice the Supreme Court. To the contrary, this court finds that submitting this court's prior orders and the entire record is not only appropriate but could be helpful to the Supreme Court by providing the context in which the question at issue arose. The court notes that the Eleventh Circuit commonly includes the entire record when certifying a question to the Alabama Supreme Court. See Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1308 (11th Cir.2001)("The entire record, including the briefs of the parties, is transmitted herewith."). Such language was even included in the proposed certificate submitted by ASD and Blood Systems. (Doc. 96)("To assist the Supreme Court's consideration of the case, the entire record, along with the briefs of the parties, shall be transmitted to the Supreme Court of Alabama."). It is not clear to this court what the distinction is between "attaching" the order to the certificate and submitting it along with the rest of the record with the certificate. It occurs to the court that the inclusion by ASD and Blood Systems of the language to submit the entire record may have simply been an oversight since ASD and Blood System argue that no part of the record should be submitted. This court finds it appropriate in this case to submit the entire record but finds it unnecessary to specifically attach the order as an exhibit to the certificate. As in Tillman, the phrasing of this court's certificate is not intended to restrict the scope of inquiry by the Supreme Court of Alabama. Id. (citing Spain v. Brown & Williamson Tobacco Corporation, 230 F.3d

1300 (11th Cir.2000)). "That means, among other things, that if we have overlooked or mischaracterized any state law issues or inartfully stated any of the questions we have posed, we hope the Alabama Supreme Court will feel free to make the necessary corrections." *Id.* Submitting the entire record to the Supreme Court will provide a clearer picture of the circumstances and context of this case. This court is confident that the Supreme Court of Alabama will not be prejudiced by anything in the record. Therefore, the entire record will be transmitted to the Supreme Court of Alabama.

### CERTIFICATE

### FROM THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF ALABAMA, TO THE SUPREME COURT OF ALABAMA PURSUANT TO ALABAMA RULE OF APPELLATE PROCEDURE 18

Pursuant to ALA. R. APP. P. 18, the United States District Court for the Southern District of Alabama, Southern Division, requests the Supreme Court of Alabama to answer a question of law which is deemed determinative of an action before said Federal Court and to which there is no clear controlling precedent in the decisions of the Supreme Court of Alabama.

#### (1) *Style of the Case*

American National Red Cross, Plaintiff, vs. ASD Specialty Healthcare, Inc., an incorporated division of Amerisource Bergen Corp. d/b/a/ Oncology Supply, Blood Systems, Inc. d/b/a Biocare, Midwest Drug Supply, LLC, and Raymar Worldwide Sales, Inc., Defendants; CV01–0894–CG–L.

#### (2) *Statement of Facts*

This is an action pursuant to which the plaintiff, American National Red Cross, asserts claims against the defendants under the Alabama Uniform Fraudulent Transfer Act, ALA. CODE § 8–9A–1 *et seq.* (the "AUFTA"). Plaintiff Red Cross alleges that, during 1999, it entered into an arrangement with an individual named Peter Woolley and a company with which he was affiliated, LA Pharmaceutical, to sell blood products to LA Pharmaceutical, LLC ("LA Pharmaceutical"). Plaintiff further alleges that LA Pharmaceutical, through one of its principals, Peter Woolley, then transferred the blood products to certain of the defendants in violation of the AUFTA. (A default judgment has previously been entered against LA Pharmaceutical and Peter Woolley, neither of which are defendants in this action.)

The defendants deny any liability under the AUFTA. The defendants have also asserted that the AUFTA has no application in this case because the blood products in question are considered, for all purposes, to be a "service" under ALA. CODE § 7–2–314(4) and, therefore, not "property" under the AUFTA. All parties agree that the blood products in question are governed by § 7–2–314(4). Plaintiff asserts that the AUFTA is applicable because the definition of "property" under the AUFTA includes the blood products in question; however, defendants assert that the AUFTA is not applicable because the definition of "property" under the AUFTA does not include services.

#### (3) *Question to be Certified*

**Whether the definition of "property" under the Alabama Uniform Fraudulent Transfer Act, ALA. CODE §§ 8–9A–1 *et seq.*, includes blood products, as provided for in ALA. CODE § 7–2–314(4).**

The phrasing used in this certified question should not restrict the Supreme Court's consideration of the problem posed by this case. This extends to the Supreme Court's restatement of the issue and the

manner in which the answer is given. To assist the Supreme Court's consideration of the case, the entire record shall be transmitted to the Supreme Court of Alabama.